# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ARTHUR B. CAPONEGRO, | Civil Action No. 15-3431 (KM) (MAH) |
| Plaintiff, |  |
| v. | OPINION |
| THE UNITED STATES DEPARMENT OF HOUSING AND URBAN DEVELOPMENT, et al., |  |
| Defendants. |  |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court by way of Plaintiff's motion for leave to amend his Complaint. Mot. for Leave to Am. and Supp. Compl., May 15, 2019, D.E. 103. First National Bank of Layton opposes the motion. Opp'n Br., July 5, 2019, D.E. 104. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court has decided this motion on the papers. For the reasons set forth below, Plaintiff's motion to amend is denied with prejudice.

## I. BACKGROUND AND PROCEDURAL HISTORY

Arthur Caponegro, acting *pro se*, initiated this action on May 19, 2015, against Defendants, First National Bank of Layton ("FNBL") and the United States Department of Housing and Urban Development ("HUD"), in relation to a reverse mortgage transaction he entered into with FNBL on July 23, 2012, pursuant to HUD's Home Equity Conversion Mortgage program ("HECM mortgage"). Compl., May 19, 2015, D.E. 1. FNBL moved to dismiss Plaintiff's Complaint shortly thereafter. Mot. to Dismiss, July 6, 2015, D.E. 7.

While FNBL's motion to dismiss the Complaint was pending, Plaintiff *pro se* filed an Amended Complaint. Am. Compl., Aug. 26, 2015, D.E. 11. On April 1, 2016, counsel, Kenneth

Marano, Esq., entered a notice of appearance on Plaintiff's behalf. Notice of Appearance, Apr. 1, 2016, D.E. 26. On August 16, 2016, after this Court granted Plaintiff's request for leave of Court, Plaintiff's counsel filed a Second Amended Complaint. Am. Compl., Aug. 16, 2016, D.E. 33. The Second Amended Complaint alleged four counts, only two of which appeared to be alleged against FNBL: breach of contract (Count 1) and negligence (Count 4).[1] Second Am. Compl. Aug. 16, 2016, D.E. 33. The breach of contract claim also appeared to contain allegations sounding in fraud; more specifically, that FNBL forged Plaintiff's signature, falsified documents, and made misrepresentations. *Id.* On November 21, 2016, FNBL moved to dismiss the claims against it. Mot. to Dismiss, Nov. 21, 2016, D.E. 41.

On October 12, 2016, Plaintiff filed a letter with the Court, seeking an Order terminating his counsel and permitting him to once again proceed *pro se*. D.E. 38. After a hearing on February 1, 2017, this Court granted Plaintiff's request. Order, D.E. 49. On May 11, 2017, new counsel for Plaintiff, Toni Belford Damiano, Esq., entered an appearance on Plaintiff's behalf. Notice of Appearance, D.E. 58.

On May 18, 2017, Judge McNulty granted FNBL's motion to dismiss, finding that the Second Amended Complaint: (1) lacked clarity and specificity; (2) lacked precision as to which claim was directed against which Defendant because "it [was] not always possible to confidently infer against which of the defendants an allegation [was] directed;" and (3) failed to meet the heightened pleading standard for forgery and fraudulent misrepresentation claims. Mem. Op., May 18, 2017, D.E. 61, at 1, 7-10. Additionally, Judge McNulty determined that Plaintiff insufficiently pled negligence because there was no assertion FNBL owed any duty to him

---

[1] The other two claims were directed at HUD. Am. Compl., Aug. 16, 2016, D.E. 33. Plaintiff never properly served HUD. *See* Letter, Jan. 31, 2017, D.E. 44. Additionally, Plaintiff has since dropped all claims against HUD. *See*, *e.g.*, Mot. to File Am. Compl., May 15, 2019, D.E. 103.

independent of those arising under the contract. *Id.* at 12. Finally, Judge McNulty found no feasible breach of contract claim because Plaintiff failed to state the contract or contractual provision at issue. *Id.* at 10.

Between June 13, 2017, and May 15, 2019, when Plaintiff filed the motion that is the subject of the present Opinion, Plaintiff had moved eight times for leave to amend. Three of those motions were denied on procedural grounds. One motion was terminated as moot. The other four motions were all addressed on their merits. Each is address herein.

On June 13, 2017, Plaintiff's counsel filed his first motion to amend, consistent with Judge McNulty's Opinion and Order which permitted the filing of a motion to amend within thirty days. Mot. to Am., June 13, 2017, D.E. 64. This motion was denied on procedural grounds because the filing did not contain a brief, proposed order, notice of motion, certificate of service, or the proposed amended pleading. Order, June 14, 2017, D.E. 65. Plaintiff's counsel filed a second motion to amend on June 15, 2017. Mot. to Am., June 15, 2017, D.E. 66. On July 7, 2017, that motion was terminated as moot because Plaintiff's counsel had filed a third motion to amend on July 5, 2017. Order, July 7, 2017, D.E. 70; Mot. to Am., July 5, 2017, D.E. 69.

Plaintiff's proposed Third Amended Complaint was attached to the July 5, 2017 motion, and asserted two claims against FNBL, breach of contract and fraudulent misrepresentation.[2] Prop. Am. Compl., Jul. 5, 2017, D.E. 69, ¶¶ 27-80. Plaintiff alleged that there were two different HECM mortgages, the first of which disappeared from the County Recorder's Office and was replaced by the second. *Id.* at ¶¶ 17, 21, 23. Plaintiff alleges that the second HECM Mortgage was either forged, he was coerced into signing it, or both. *Id.* FNBL opposed the motion on the

---

[2] The proposed Third Amended Complaint contained a third count against HUD for violation of 12 U.S.C. § 1715z-20(j).

3

grounds of futility and undue prejudice. Opp'n Br., Aug. 8, 2017, D.E. 73. On January 25, 2018, in an oral Opinion placed on the record, this Court denied Plaintiff's motion to amend because it found that permitting the amendment would be futile. The proposed Amended Complaint remained confusingly ambiguous, and had not cured the deficiencies outlined by Judge McNulty in his May 18, 2017 Opinion. Order, Jan. 25, 2018, D.E. 80.

On February 15, 2018, Plaintiff filed a fourth motion to amend. Mot. to Am. Compl., Feb. 15, 2018, D.E. 81. On May 8, 2018, this Court again denied Plaintiff's motion to amend, finding this proposed Third Amended Complaint nearly identical to the July 5, 2017 proposed amendment, and so suffered from the same infirmities. Order, May 8, 2018, D.E. 83. Specifically, Plaintiff failed to articulate whether his signature on the "second mortgage" was forged or whether FNBL coerced him into signing it. *Id.* Second, Plaintiff failed to clearly state which contract was allegedly breached. *Id.*

On June 8, 2018, Plaintiff filed fifth motion to amend the Complaint, which this Court denied on procedural grounds on July 5, 2018, because Plaintiff failed to file a brief in support of the motion or a statement explaining why no brief was necessary. Mot. to Am. Compl., Jun. 8, 2018, D.E. 84; Order, Jul. 5, 2018 D.E. 85. On July 6, 2018, Plaintiff filed a sixth motion to amend his Complaint. Mot. to File Am. Compl., July 6, 2018, D.E. 86. On November 1, 2018, this Court again denied the amendment, finding that it would be futile because the proposed Amended Complaint was confusing due to its inconsistent factual allegations. The Court further concluded that the proposed amendment was devoid of the necessary factual support to maintain claims for breach of contract, forgery, fraudulent misrepresentation, and fraud in the inducement. Opinion, Nov. 1, 2018, D.E. 91; Order, Nov. 1, 2018, D.E. 92.

On November 9, 2018, Plaintiff's attorney moved to withdraw, and after oral argument was heard on the matter, this Court granted the motion. Mot. to Withdraw, Nov. 9, 2018, D.E. 93; Order, Jan. 29, 2019, D.E. 96. On March 5, 2019, Plaintiff, again proceeding *pro se*, filed a seventh motion to file a Third Amended Complaint. Mot. to Am. Compl., March 5, 2019, D.E. 97. This Court denied Plaintiff's motion without prejudice on procedural grounds because it did not contain a red-lined version of the amended pleading. Order, Apr. 10, 2019, D.E. 99.

On May 15, 2019,[3] Plaintiff filed the eighth and instant motion to amend his Complaint. Mot. to File Am. Compl., May 15, 2019, D.E. 103. In this latest iteration, Plaintiff asserts two causes of action against FNBL: (1) fraudulent misrepresentation; and (2) breach of contract. *Id.* at 4. FNBL opposes the motion, arguing that Plaintiff again fails to advance any colorable claim against it and if the amendment is permitted, it will suffer undue prejudice. Opp'n Br., Jun. 5, 2019, D.E. 104.

## II. DISCUSSION

Under Fed. R. Civ. P. 15, a plaintiff may amend his Complaint once as of right, and "courts may grant subsequent amendments 'when justice so requires.'" *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003) (quoting Fed. R. Civ. P. 15(a)). The Court may deny leave to amend the pleadings only where there is (1) undue delay, (2) bad faith or dilatory

---

[3] In so filing, Plaintiff missed the court's deadline to file his renewed motion, which was set for May 10, 2019. Order, Apr. 29, 2019, D.E. 102. When a party misses the filing deadline set by the court, the Third Circuit has held that the party must show "good cause" under Fed. R. Civ. P. 16(b)(4) before the Court will proceed with an analysis of Fed. R. Civ. Pr. 15. *See Assadourian v. Harb*, 430 F. App'x. 79, 81 (3d Cir. 2011). However, FNBL does not challenge Plaintiff's motion on this ground. In the interests of justice and because Plaintiff is proceeding *pro se* and suffered some confusion as to what constituted a red-lined version of his proposed amended Complaint, the Court will turn directly to the Rule 15 analysis.

motive, (3) undue prejudice, (4) repeated failures to cure deficiencies, or (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) ("We have held that motions to amend pleadings [under Rule 15(a)] should be liberally granted.") (citations omitted).

A court will consider an amendment futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (citations omitted) (internal quotation marks omitted). To determine whether an amendment is insufficient on its face, the Court employs the standard applied to Rule 12(b)(6) motions to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Under this standard, the question before the Court is not whether the movant will ultimately prevail, but whether the Complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (establishing that a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations"); *Harrison Beverage*, 133 F.R.D. at 468 ("'Futility' of amendment is shown when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue."). A two-part analysis determines whether a plaintiff meets this standard. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 629 (2009)).

First, a court separates the factual and legal elements of a claim. *Fowler*, 578 F.3d at 210. All well-pleaded facts set forth in the pleading and the contents of the documents incorporated therein must be accepted as true, but the Court may disregard legal conclusions. *Id.* at 210-11; *West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 97 n.6 (3d Cir. 2010);

*see also Iqbal*, 556 U.S. at 678 (noting that a Complaint is insufficient if it offers "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions" devoid of "further factual enhancement") (alterations omitted) (internal quotation marks omitted).

Second, as stated above, a court determines whether a plaintiff's facts are sufficient "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. As the United States Supreme Court instructed in *Iqbal*, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678. The plausibility standard is not a "probability requirement," but the well-pleaded facts must do more than demonstrate that the conduct is "merely consistent" with liability so as to "permit the court to infer more than the mere possibility of misconduct." *Id.* at 678-79 (citations omitted) (internal quotations marks omitted). This "context-specific task . . . requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### A. **Breach of Contract**

To bring a breach of contract claim under New Jersey law, a plaintiff is required to allege: "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Furthermore, a breach of contract claim must be supported with facts, such as specific dates as to when the breach occurred and the specific provision or provisions that were breached. *Id.*

Plaintiff contends that FNBL breached its contract with him by selling its ownership interest in the loan to Wells Fargo, N.A., thereby "constituting a Breach-separation of the Note

7

and Mortgage." Prop. Am. to Compl., May 15, 2019, D.E. 103, at 4. In support, Plaintiff includes the following puzzling statement: "[p]laintiff alleges that the chain of title on the Loan and Mortgage was breached by Defendant FNBL, its obligations under the contract with Plaintiff by splitting the Note and Mortgage, a condition precedent, notwithstanding the obvious fraud, thereby voiding the contract." *Id.* at 5. The Court struggles to understand Plaintiff's logic and finds that Plaintiff fails to assert facts to adequately allege a valid breach of contract claim.

Moreover, to assert a breach of contract claim, it is not enough for Plaintiff to simply allege how FNBL breached the contract. *Frederico*, 507 F.3d at 203. Plaintiff must also state how he met his own contractual obligations under the contract, as well as what damages flowed as a result of the breach. *Id.* While there is clear evidence of a contract between the parties, Plaintiff has failed to allege how FNBL breached the contract, the damages flowing from the breach, or how Plaintiff performed its own contractual obligations. However, Plaintiff's proposed amendment is completely devoid of any facts that show Plaintiff has met his own obligations under the contract, or what damages flowed as a result of the alleged breach. After multiple tries, the present proposed amendment fails to establish any basis for Plaintiff's claim that the separation of the Note and Mortgage constituted a breach. Were this Plaintiff's second or even third attempt to plead the breach claim, the Court might contemplate affording Plaintiff one more try. However, after eleven unsuccessful attempts, the Court must conclude that permitting Plaintiff to amend his breach of contract claim would be futile. Accordingly, the motion to amend to add the claim for breach of contract will be denied.[4]

---

[4] In addition to the foregoing, a review of the language of the HECM Mortgage reveals that it specifically contemplated FNBL's sale and assignment of its rights to the mortgage. Mot. to

8

### B. Fraudulent Misrepresentation

When bringing a claim that is subject to the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure, a plaintiff must state in the Complaint the "who, what, when, where, and why" of the allegation. *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016). Courts use a facial-plausibility standard where plaintiff must "plead[] factual content that allows the court to draw the reasonable

---

Am., Exh. 1, Adjustable Rate Home Equity Conversion Mortgage, Jul. 6, 2018, D.E. 86-1, ¶ 15. The HECM Mortgage states:

> 15. Successors and Assigns Bound; Joint and Several Liability. The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of the Lender.

Therefore, pursuant to the HECM Mortgage, FNBL had the right to sell or assign its interest in the mortgage. Mot. to Am., Exh. 1, Adjustable Rate Home Equity Conversion Mortgage, Jul. 6, 2018, D.E. 86-1, ¶ 15. Use of the phrase "assigns of the Lender" is evidence that FNBL intended, and Plaintiff assented by signing the mortgage, that the ownership of the interest could be reassigned. *Id.* Plaintiff does not indicate another provision of the HECM Mortgage that prohibited FNBL from selling or assigning its rights in the HECM Mortgage. The Court's own review of the HECM Mortgage also does not reveal a provision that prohibited the sale. Based on the plain language of the mortgage, it is impossible for Plaintiff to successfully claim a breach of contract because FNBL sold its interest in the HECM Mortgage to Wells Fargo, N.A.

The Court is mindful that it must accept as true all well pleaded allegations in the pleading. Fowler, 578 F.3d at 210. However, here Plaintiff specifically incorporated the HECM mortgage into his proposed amended pleading. Specifically, Plaintiff included it as Exhibit 1 to his proposed amended pleading when he moved to amend on July 6, 2018. Prop. Am. Compl., Jul. 6, 2018, D.E. 86-4 at ¶ 20 & D.E. 86-5. The proposed amended pleading that Plaintiff now seeks to file provides that he "had mailed the Court the original documentation without making a copy provided by Certified Forensic Loan Auditors (CFLA) corroborating all allegations in my most recent filing of Motion. Plaintiff therefore requests the Court to refer to the aforementioned documentation." Prop. Am. Compl., May 15, 2019, D.E. 103, at page 4. Accordingly, Plaintiff has incorporated contents of the HECM Mortgage into his pleading and squarely placed the language of the HECM Mortgage before this Court. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1999) (In evaluating whether a proposed amendment is futile, a court may consider the proposed pleading, exhibits attached to that pleading, matters of public record, and undisputedly authentic documents provided the claims are based on those documents.).

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Further, when a plaintiff brings a fraudulent misrepresentation claim against a defendant, plaintiff must allege: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Donnelly v. Option One Mortg. Corp.*, No. CIV. A. 11-7019 ES, 2014 WL 1266209, at *11 (D.N.J. Mar. 26, 2014). The pleading standard of Rule 9(b) requires fraud and forgery allegations to be "pleaded with sufficient particularity." Fed. R. Civ. P. 9(b).

In support of his fraudulent misrepresentation claim against FNBL, Plaintiff simply alleges the following facts: (1) that FNBL "coerced, deceived, and forced" him to sign a "second" mortgage; (2) that this second mortgage authorized FNBL to maximize the loan amount from $410,550 to $862,000; and (3) that FNBL materially misrepresented the amount of the loan, was aware of the misrepresentation, and that FNBL "preyed on a senior citizen . . . the Plaintiff – to recoup its monies." *See* Prop. Am. to Second Am. Compl., D.E. 103, May 15, 2019, at 4-6. In opposition to the motion to amend, FNBL contends that Plaintiff has failed to allege any of the elements necessary to establish a claim of fraudulent misrepresentation. Opp'n Br., Jun. 5, 2019, D.E. 104, at 5. FNBL notes that Plaintiff's proposed amendments again fail to sufficiently allege how FNBL has deceived Plaintiff or misrepresented any material fact to Plaintiff. *Id.* Specifically, while Plaintiff seems to allege that FNBL misrepresented or concealed that the maximum amount of his mortgage could reach $862,500.00, FNBL points out that the allegedly misrepresented terms were "term[s] of the written agreement, front and center on page 1." *Id.*

Plaintiff's allegations in support of his fraudulent misrepresentation claims, without more, are insufficient to satisfy the heightened pleading standard for a claim of fraud pursuant to Fed. R. Civ. P. 9(b). Like every prior iteration of Plaintiff's proposed claims, the proposed Amended Complaint fails to establish with sufficient plausibility how FNBL allegedly frauded Plaintiff into signing a "second" mortgage. Prop. Am. to Second Am. Compl., May 15, 2019, D.E. 103. Similarly, Plaintiff's contention that the first mortgage has gone missing and has been replaced by the second mortgage is devoid of any factual substantiation. Moreover, a simple review of the documents that Plaintiff provided shows the loan amount was $862,500.00. *See* Prop. Am. to Compl., May 15, 2019, D.E. 103, at 7. Furthermore, Plaintiff has not alleged how the amount of the mortgage or any of the other loan terms were misrepresented to him or who specifically made the misrepresentation and in what way. Plaintiff completely fails to allege facts showing the "who, what, when, where, and why" of the fraudulent misrepresentation claim. *See U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d at 307.

Plaintiff has had numerous attempts, both while proceeding *pro se* and when represented by counsel, to set forth the facts necessary to establish a fraudulent misrepresentation claim. But on each occasion, Plaintiff has provided only that the amount of the mortgage was misrepresented and/or the first mortgage (with the correct amount of the mortgage) was replaced by this second deceitful mortgage (with the incorrect loan amount). Without more, Plaintiff simply fails to allege facts necessary for this Court to permit his amendment. Because Plaintiff's proposed amendment fails to set forth sufficient facts to demonstrate that FNBL made a material misrepresentation to him, the Court must deny the amendment of Plaintiff's claim for fraudulent misrepresentation.

### C. Denial With Prejudice

The Court will deny Plaintiff's motion to amend with prejudice. This litigation has been ongoing for nearly four and a half years, for most of this time without a viable Complaint. Plaintiff has attempted numerous times, as many as eight (four of which were addressed substantively), both through two different sets of counsel, as well as while acting *pro se*, to file a proposed amended Complaint containing claims that state valid claims for relief under Fed. R. Civ. P. 8(a). The proposed amendments before the Court this time are not much improved, and mostly suffering from the same fatal defects the prior attempts. For those reasons, the Court cannot conclude that allowing Plaintiff an additional attempt would result in an amended pleading that would pass muster under Rules 8 and 15.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend his Complaint, D.E. 103, is denied with prejudice. The Court will issue an Order consistent with this Opinion.

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

Dated: October 23, 2019